FREDERICK H. PRINCE *vs.* CITY OF BOSTON.

Suffolk. November 23, 1906. — January 3, 1907.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Tax. Broker. Words*, " Goods, wares, merchandise."

The provision of Pub. Sts. c. 11, § 20, cl. 1, that " All goods, wares, merchandise, and other stock in trade . . . shall be taxed in those places where the owners hire or occupy manufactories, stores, shops, or wharves," does not describe or include the capital used by a stockbroker in his business, and such capital is taxable to the stockbroker where he has his home and not where he has his office.

CONTRACT for the amount of a tax of $665 paid under protest assessed for the year 1899 upon the capital used by the plaintiff in his business as a stockbroker in the city of Boston, which was valued upon the first day of May, 1899, at $50,000. Writ dated September 9, 1904.

In the Superior Court *Wait*, J. refused to rule that the plaintiff could not recover, and ruled that the undisputed facts in the case would not warrant the jury in finding that the plaintiff had a wharf, shop or store in the city of Boston within the meaning of Pub. Sts. c. 11, § 20. He submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $934.15 ; and the defendant alleged exceptions.

*S. M. Child*, for the defendant.

*S. C. Brackett*, for the plaintiff.

LORING, J.   The sole question presented here is whether an inhabitant of Wenham carrying on the business of a banker and broker at an office in Boston in the year 1899 should have been taxed for the capital used in that business in Wenham or in Boston.

The plaintiff contends that that capital should have been taxed in Wenham under Pub. Sts. c. 11, § 20. The defendant contends that it was taxed properly by the assessors of the defendant city, under the first clause of that section.

The history of this clause (Pub. Sts. c. 11, § 20, cl. 1) is stated in *Hittinger* v. *Westford*, 135 Mass. 258, and in *Boston Loan Co.* v. *Boston*, 137 Mass. 332.   As stated in those cases, the scope of

the original act (Prov. St. 1753–54, c. 10, § 3; 3 Prov. Laws, 693) was enlarged by St. 1821, c. 107, and St. 1839, c. 139, when, so far as the substance of the act goes, it was put into its present form. The question here is whether the language then adopted is broad enough to reach this case. The defendant relies on the fact that stocks and bonds are goods, wares and merchandise within the statute of frauds. *Tisdale* v. *Harris*, 20 Pick. 9. *Somerby* v. *Buntin*, 118 Mass. 279. But it does not follow from that that they are goods, wares and merchandise within Pub. Sts. c. 11, § 20, cl. 1, where they are coupled with the words "other stock in trade," and with the requirement that the "owners hire or occupy manufactories, stores, shops, or wharves."

In *Boston Loan Co.* v. *Boston*, 137 Mass. 332, this court held with great hesitation that a pawnbroker's shop was within this clause of the act. But to hold that a banker and broker's office is within the act would be taking a decided step beyond the step taken in that case. The business carried on by a banker and broker is not the kind of business which is carried on in a shop or store and the capital employed therein is not usually or properly spoken of as "goods, wares, merchandise, and other stock in trade" or either of them. For these reasons the first clause of Pub. Sts. c. 11, § 20, does not in our opinion apply in the case at bar. The capital of the plaintiff used in his business as a banker and broker was taxable under Pub. Sts. c. 11, § 20, in the town of Wenham where he had his home. See *Barron* v. *Boston*, 187 Mass. 168. See also in this connection *Martin* v. *Portland*, 81 Maine, 293.

*Exceptions overruled.*